**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TERRIN M. JACKSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br>　　　　　　Defendant. | Civil No. 08-844(NLH)<br><br><br><br><br>**OPINION** |

**APPEARANCES:**

Stephen B. Potter
Potter Carmine Leonard & Aaronson, P.A.
840 North Union Street
P.O. Box 514
Wilmington, DE 19899

David M. Linker - *pro hac vice*
Freedman & Lorry P.C.
Two Executive Campus, Suite 314
Cherry Hill, NJ 08002

　　*On behalf of plaintiff*

David Weiss, United States Attorney
Patricia A. Stewart, Special Assistant United
States Attorney
Office of the General Counsel
Social Security Administration
P.O. Box 41777
Philadelphia, Pennsylvania 19101

Eric P. Kressman
Regional Chief Counsel, Region III
Lori Karimoto
Assistant Regional Counsel
Office of the General Counsel
Social Security Administration

　　*On behalf of defendant*

**HILLMAN**, District Judge[1]

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to review the final decision of the Commissioner of the Social Security Administration, denying the application of Plaintiff for Disability Insurance Benefits and Supplemental Security Income ("Social Security benefits") under Title II and Title XVI of the Social Security Act. 42 U.S.C. § 401, et seq. The issue before the Court is whether the Administrative Law Judge ("ALJ") erred in finding that there was "substantial evidence" that Plaintiff was not disabled at any time since his alleged onset date of disability, June 13, 2003. For the reasons stated below, this Court will affirm that decision.

I. **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed an application for disability benefits, claiming that as of June 13, 2003 his torn rotator cuff, diabetes, abnormal heartbeat, obesity and sleep apnea render him completely disabled and unable to work. Prior to this time, Plaintiff worked for many years as a longshoreman. It was during his employment as a longshoreman when Plaintiff fell and injured his right shoulder. From that point on, Plaintiff received

---

[1] Designated for service in the District of Delaware pursuant to the provisions of 28 U.S.C. § 292(b) as ordered by the Honorable Anthony J. Scirica, Chief Judge of the United States Court of Appeals for the Third Circuit.

worker's compensation benefits every two weeks until he settled in November 2006.

After a hearing before an ALJ, it was determined that Plaintiff was not disabled. Plaintiff appealed the decision, and the Appeals Council affirmed. Plaintiff now seeks this Court's review.

**II.  DISCUSSION**

    **A.  Standard of Review**

Under 42 U.S.C. § 405(g), Congress provided for judicial review of the Commissioner's decision to deny a complainant's application for Disability Insurance Benefits. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995). A reviewing court must uphold the Commissioner's factual decisions where they are supported by "substantial evidence."  42 U.S.C. §§ 405(g), 1383(c)(3); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992). Substantial evidence means more than "a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.  The inquiry is not whether the reviewing court would have made the same determination, but whether the Commissioner's conclusion was reasonable. See Brown v. Bowen,

845 F.2d 1211, 1213 (3d Cir. 1988).

A reviewing court has a duty to review the evidence in its totality. See Daring v. Heckler, 727 F.2d 64, 70 (3d Cir. 1984). "[A] court must 'take into account whatever in the record fairly detracts from its weight.'" Schonewolf v. Callahan, 972 F. Supp. 277, 284 (D.N.J. 1997) (quoting Willbanks v. Secretary of Health & Human Servs., 847 F.2d 301, 303 (6th Cir. 1988) (quoting Universal Camera Corp. V. NLRB, 340 U.S. 474, 488 (1951)).

The Commissioner "must adequately explain in the record his reasons for rejecting or discrediting competent evidence." Ogden v. Bowen, 677 F. Supp 273, 278 (M.D. Pa. 1987) (citing Brewster v. Heckler, 786 F.2d 581 (3d Cir. 1986)). The Third Circuit has held that an "ALJ must review all pertinent medical evidence and explain his conciliations and rejections." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000). Similarly, an ALJ must also consider and weigh all of the non-medical evidence before him. Id. (citing Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983)); Cotter v. Harris, 642 F.2d 700, 707 (3d Cir. 1981).

The Third Circuit has held that access to the Commissioner's reasoning is indeed essential to a meaningful court review:

> Unless the [Commissioner] has analyzed all
> evidence and has sufficiently explained the
> weight he has given to obviously probative
> exhibits, to say that his decision is
> supported by substantial evidence approaches
> an abdication of the court's duty to

> scrutinize the record as a whole to determine
> whether the conclusions reached are rational.

Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978). Although an ALJ, as the fact finder, must consider and evaluate the medical evidence presented, Fargnoli, 247 F.3d at 42, "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record," Hur v. Barnhart, 94 Fed. Appx. 130, 133 (3d Cir. 2004). In terms of judicial review, a district court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams, 970 F.2d at 1182. Moreover, apart from the substantial evidence inquiry, a reviewing court is entitled to satisfy itself that the Commissioner arrived at his decision by application of the proper legal standards. Sykes, 228 F.3d at 262; Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Curtin v. Harris, 508 F. Supp. 791, 793 (D.N.J. 1981).

**B.      Standard for Disability Insurance Benefits**

The Social Security Act defines "disability" for purposes of an entitlement to a period of disability and disability insurance benefits as the inability to engage in any substantial gainful activity by reason of any medically determinable physical and/or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months. See 42 U.S.C. §

5

1382c(a)(3)(A). Under this definition, a Plaintiff qualifies as disabled only if his physical or mental impairments are of such severity that he is not only unable to perform his past relevant work, but cannot, given his age, education, and work experience, engage in any other type of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. § 1382c(a)(3)(B)(emphasis added).

The Commissioner has promulgated regulations for determining disability that require application of a five-step sequential analysis. See 20 C.F.R. § 404.1520. This five-step process is summarized as follows:

1. If the claimant currently is engaged in substantial gainful employment, he will be found "not disabled."

2. If the claimant does not suffer from a "severe impairment," he will be found "not disabled."

3. If the severe impairment meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and has lasted or is expected to last for a continuous period of at least twelve months, the claimant will be found "disabled."

4. If the claimant can still perform work he has done in the past ("past relevant work") despite the severe impairment, he will be found "not disabled."

5. Finally, the Commissioner will consider the claimant's ability to perform work ("residual functional capacity"), age, education, and past work experience to determine whether or not he is capable of performing other work which exists in the national economy. If he is incapable, he will be found "disabled." If he is

      capable, he will be found "not disabled."

20 C.F.R. § 404.1520(b)-(f). Entitlement to benefits is therefore dependent upon a finding that the claimant is incapable of performing work in the national economy.

This five-step process involves a shifting burden of proof. <u>See</u> <u>Wallace v. Secretary of Health & Human Servs.</u>, 722 F.2d 1150, 1153 (3d Cir. 1983). In the first four steps of the analysis, the burden is on the claimant to prove every element of his claim by a preponderance of the evidence. <u>See</u> <u>id.</u> In the final step, the Commissioner bears the burden of proving that work is available for the Plaintiff: "Once a claimant has proved that he is unable to perform his former job, the burden shifts to the Commissioner to prove that there is some other kind of substantial gainful employment he is able to perform." <u>Kangas v. Bowen</u>, 823 F.2d 775, 777 (3d Cir. 1987); <u>see</u> <u>Olsen v. Schweiker</u>, 703 F.2d 751, 753 (3d Cir. 1983).

### C. Analysis

The ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset of disability because a three-day period of employment in 2005 as a cargo checker was not sufficient to qualify as "substantial gainful activity." (Step One). The ALJ next found that Plaintiff's torn right rotator

7

cuff, diabetes and abnormal heartbeat were severe (Step Two).[2] The ALJ then found that even though Plaintiff's impairments did not meet the medical equivalence criteria (Step Three), he was not capable of performing past relevant work (Step Four). The ALJ found, however, that Plaintiff had the residual functional capacity (RFC) to perform other jobs which are in significant numbers in the national economy (Step Five).

Plaintiff presents two arguments for review: (1) the ALJ erred in determining Plaintiff's residual functional capacity because he improperly rejected Plaintiff's treating doctors' opinions and substituted his own medical opinions; and (2) the ALJ erred in his credibility assessment of Plaintiff's testimony, which Plaintiff argues is supported by the medical evidence.

**1. Whether the ALJ's determination of Plaintiff's residual functional capacity is supported by substantial evidence**

The ALJ determined that although Plaintiff was unable to perform his past occupation as a longshoreman, he retained the residual functional capacity to perform light exertional work. Specifically, the ALJ found that Plaintiff could lift and carry ten pounds frequently and twenty pounds on occasion, with a sit or stand at will option, and avoiding prolonged pushing or

---

[2]The ALJ determined that there was insufficient record evidence to support a finding of severe impairment as to his high blood pressure, sleep apnea, back pain, or obesity. The ALJ did consider, however, the effects of these conditions on his overall ability to work.

8

pulling.  The ALJ also found that he could perform work that required little writing, did not involve heights and hazardous machinery, and required the use of only one arm.  Based on this RFC, the vocational expert opined that Plaintiff would be capable of doing jobs such as an inspector, gate tender, or mail clerk.

Plaintiff argues that the ALJ erred in this assessment because he did not heed Plaintiff's treating physicians' opinions that Plaintiff could not perform anything but sedentary work. Because his treating physicians found that he could only perform sedentary work, and as of May 16, 2004 Plaintiff turned 50 years old, Plaintiff argues that the ALJ should have made a finding that he was completely disabled.[3]

Plaintiff's argument is without merit for two reasons. First, Plaintiff's treating physicians--Dr. Alex Bodenstab and Dr. Bong Lee--never specifically indicated that Plaintiff was relegated to sedentary work.  Dr. Lee is an orthopedic surgeon who examined Plaintiff with regard to his worker's compensation benefits on July 15, 2004.  Dr. Lee stated that Plaintiff was "not able to return to his preinjury job as a laborer," (R. at

---

[3]Social security guidelines provide that a person of advancing age (ages 50-54) who is found to only be capable of sedentary work, and whose past work provides no skills transferrable to sedentary work, must be considered disabled.  M-V Guideline Rule 201.14; 20 C.F.R. pt. 404, subpt. P, app. 2, § 201.14.

9

178) and that he could not lift more than 10 pounds (R. at 378).[4]

Dr. Bodenstab was Plaintiff's orthopedic surgeon who performed Plaintiff's rotator cuff repair on August 23, 2003 and saw Plaintiff regularly from that date until January 12, 2005, when Dr. Bodenstab reported that "there is nothing further that I can or should do medically." (R. at 317.) At that time, Dr. Bodenstab reported, "I think that he can return to restricted duty[,] specifically he should avoid climbing, work overhead, lifting more than 5 lbs., or bending." (Id.) He also completed a "Clinical Update," which provided that Plaintiff was partially disabled from January 12, 2005 "to 6 months," and his restrictions included no lifting over five pounds, no work above shoulder level, no bending, and no climbing. (R. at 314.)

Plaintiff has not pointed out, and the Court cannot find, any records by Plaintiff's treating physicians that indicate Plaintiff was only capable of sedentary work. The ALJ specifically noted Dr. Lee's report, and restated that Dr. Lee found that Plaintiff would never be able to again perform his longshoreman duties. The ALJ continued, however, that "there was

---

[4] Dr. Lee also indicated that Plaintiff may require "further treatment to overcome this significant frozen shoulder with an arthroscopic procedure." (R. at 178.) From that point in July 2004, Plaintiff continued to participate in physical therapy and home exercise, and in September 2004 received an injection in his right subacromial joint from Dr. Bodenstab to reduce his complained-of symptoms. (R. at 181-95, 321.) There is no evidence in the record that Plaintiff saw Dr. Lee again after July 2004.

no indication of any other impairment or limitation of the claimant's *left* shoulder or upper extremity." (R. at 18, emphasis added.) Further, the ALJ essentially quoted from Dr. Bodenstab's January 15, 2005 report--"His treating physician cleared the claimant for restricted work . . . with no[] work above shoulder level, no bending or climbing, and no lifting more than 5 pounds." (Id.) The ALJ also added, "Though not specified as right side restrictions, there was never any reference to physical difficulty or limitation in using the left upper extremity. The doctor also had not addressed the issue of the claimant returning to other work." (Id.) Thus, the ALJ fully considered Plaintiff's treating physicians' opinions, and did not overlook any specific indication to work restrictions other than his inability to be a longshoreman or perform certain activities requiring use of his right shoulder.

As pointed out by the Commissioner in its brief, perhaps Plaintiff's perception that his treating physicians limited him to sedentary work stems from Dr. Bodenstab's reference to a five pound lifting limit. The Regulations define sedentary work as involving, in part, "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567. This alone is not enough to overturn the ALJ's decision, and a second reason why Plaintiff's basis for appeal on this issue fails.

11

Treating physicians are not automatically entitled to controlling weight.  Social Security regulations provide that a treating physician will be afforded controlling weight as to the nature and severity of a claimant's impairment, but only if the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence of record.  See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); SSR 96-2p.  In this case, a statement that Plaintiff is limited to lifting five pounds in reference to Plaintiff's right shoulder injury did not account for other evidence on the record which revealed that Plaintiff had no limitations on his left side, which Plaintiff himself testified to.  Furthermore, other evidence in the record provided support for the ALJ's conclusion regarding Plaintiff's ability to work due to the lack of any restrictions for his left arm, including the state agency medical consultant who acknowledged Plaintiff's restrictions on his right side, but determined that Plaintiff could perform light exertional work due to his abilities on his left side.  (R. at 19, 305-312.)

Additionally, as noted by the ALJ, Plaintiff's orthopedic surgeons are not "certified or well versed" with usage the Social Security regulations and USDOL *Dictionary of Occupational Titles*. (R. at 19.)  This is important because it is the Commissioner, and not the treating physicians, who retains the responsibility

for determining certain issues such as residual functional capacity. See 20 C.F.R. §§ 404.1527(e)(1)-(2), 416.927(e)(1)-(2). Moreover, the administrative finding that Plaintiff is "disabled" or "unable to work" is reserved to the Commissioner, and not Plaintiff's treating physician. See id. § 404.1527(e)(1) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."). Indeed, to hold otherwise would obviate the Commissioner's independent analysis of Plaintiff's disability claim.

In this case, the ALJ thoroughly discussed all the medical evidence, including the reports of Dr. Bodenstab and Dr. Lee, and considered their opinions as to Plaintiff's restrictions. Based on those opinions, their lack of consideration of Plaintiff's left-side abilities, Plaintiff's testimony, and other examining physicians, the ALJ concluded that Plaintiff was not able to perform his previous job, but was still able to perform light work. Plaintiff has not pointed to any evidence that would directly contradict this finding. Thus, despite Plaintiff's argument that the ALJ erred in finding him capable of light work instead of sedentary work because his treating physicians' opinions were disregarded is without merit. Accordingly, the ALJ's decision cannot be reversed on this basis.

### 2.   Whether the ALJ erred in his credibility assessment of Plaintiff's testimony

The ALJ's decision was not based solely on the medical evidence, as he also considered Plaintiff's testimony, and correspondingly, his credibility.  Plaintiff argues that the ALJ improperly assessed his credibility because his testimony regarding his restrictions and pain were corroborated by the medical evidence.  This argument is also unavailing.

The Social Security regulations provide that allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. § 404.1529(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible as long as he explains why he is rejecting the testimony. Schaudeck v. Comm'r of Social Security, 181 F.3d 429, 433 (3d Cir. 1999); SSR 96-7p.  The explanation of SSR 96-7p provides,

> No symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms.
>
> . . .
>
> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record.

14

SSR 96-7p.

Plaintiff contends that the ALJ's consideration of Plaintiff's testimony was "contrary to law," (Pl. Br. at 15), but Plaintiff does not articulate what testimony the ALJ discounted that would contradict the ALJ's determination that Plaintiff could perform light work.  In his decision, the ALJ summarized Plaintiff's testimony (R. at 17-18), and found that Plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms not entirely credible" (R. at 18).  To support that conclusion, the ALJ went on to detail Plaintiff's medical records and progress, and also note Dr. Bodenstab's report that cleared Plaintiff for work by June 2005.  (Id.)  Based on the ALJ's review of all the medical evidence, he concluded, as explained above, that no doctor restricted his left side, and considered that Plaintiff himself testified that his left upper extremity was in "good shape," and that he could lift his two year-old grandson with his left arm alone.  (R. at 53, 45.)  The ALJ also considered Plaintiff's testimony that he "reads, exercises, runs errands, walks, rests and lay down for a while, works on the computer, exercises his leg and arm, prays, . . . goes to church sporadically, . . . can walk 1/2 mile before

15

stopping . . . ."[5]  (R. at 18.)

Thus, it is clear that the ALJ credited Plaintiff's testimony regarding his abilities, contrasted his testimony with the medical evidence, and agreed that Plaintiff could no longer perform his previous job as a longshoreman, but found that he was still capable of performing light work.  See Schaudeck v. Comm'r of Social Security, 181 F.3d 429, 433 (3d Cir. 1999); SSR 96-7p (providing that ALJ may reject a claimant's subjective testimony if he does not find it credible as long as he explains why he is rejecting the testimony).  Simply disagreeing with the ALJ's assessment is not sufficient to establish that his decision was not supported by substantial evidence.  Perkins v. Barnhart, 79 Fed. Appx. 512, 515 (3d Cir. 2003).[6]  Consequently, Plaintiff's

---

[5] Plaintiff testified that he experiences burning sensations and numbness in his leg and fluttering and heaviness in his heart and chest.  (R. at 18.)  He testified that these issues preclude him from working.  As the ALJ noted, there is a dearth of medical records concerning these issues, and in his appeal, Plaintiff does not contend that these conditions are severe impairments which could independently qualify as a disability.  Relatedly, although there is mention of Plaintiff's obesity, Plaintiff is not challenging the ALJ's decision with regard to his obesity.  Cf. Rutherford v. Barnhart, 399 F.3d 546, 552-53 (3d Cir. 2005) (citation omitted) (providing that where a Plaintiff does "not specify how his obesity further impaired his ability to work, but speculates merely that his weight makes it more difficult to stand and walk," the ALJ's reliance on the medical assessments "constitutes a satisfactory if indirect consideration of that condition").

[6] The ALJ's findings were also in compliance with SSR 96-7p, which provides, "No symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are

16

argument that the ALJ erred in assessing his credibility cannot serve as a basis for remand.

### III. Conclusion

For the reasons expressed above, the ALJ's determination that Plaintiff was not totally disabled is supported by substantial evidence.  Accordingly, the decision of the ALJ is affirmed.  An accompanying Order will be issued.


Date: March 29, 2010                    s/ Noel L. Hillman
                                        NOEL L. HILLMAN, U.S.D.J.

---

medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms."